

FILED
13 JAN -8 AM 8:19

DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. AND ROCKWELL AUTOMATION TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KONTRON MODULAR COMPUTERS, <br><br> Defendant. | Case No. 12cv566-WQH (WMc) <br><br> **ORDER GRANTING KONTRON'S MOTION TO QUASH THE SUBPOENA OF THOMAS SPARRVIK AND DENYING ROCKWELL'S CROSS-MOTION TO ENFORCE THE SUBPOENAS** <br><br> (ECF Nos. 17, 21) |

**Introduction and Background**

Plaintiffs, Rockwell Automation and Rockwell Automation Technologies ("Rockwell"), sued the WAGO Corporation ("WAGO") for patent infringement of industrial programmable controllers in the United States District Court for the Western District of Wisconsin. Rockwell alleged WAGO markets and sells infringing controllers and Kontron Modular is responsible for the design, development and manufacture of the accused products. However, Rockwell has not sued Kontron Modular in Wisconsin, California, or any other jurisdiction.

Initially, Rockwell sought to supplement its discovery efforts in Wisconsin by seeking to compel Kontron Modular, a German company, to produce documents pursuant to a Subpoena Duces Tecum from the United States District Court for the Southern District of California and purportedly served on Kontron Modular by delivery to a receptionist at the offices of Kontron

America, Inc. ("Kontron America") in Poway, California. The subpoena sought documents from Kontron Modular relating to Rockwell's claims against WAGO even though Rockwell successfully moved the district court in Wisconsin to compel WAGO to produce the same documents it now seeks here. The Court denied Rockwell's motion. (ECF No. 39).

Before the Court issued its order denying Rockwell's motion to enforce the out of district subpoena, Rockwell sought additional subpoenas from Kontron Modular and its affiliates. Counsel for Kontron Modular filed a motion to quash the subpoena to testify at a deposition purportedly served by Rockwell on Thomas Sparrvik. (ECF No. 17). Also, Kontron Modular filed an objection to Rockwell's four additional subpoenas – two directed at Kontron Modular and two directed at Kontron AG (one each for documents, one each for documents and testimony) – purportedly served on Thomas Sparrvik. Rockwell responded with an opposition to Kontron Modular's motion to quash and a cross-motion to enforce the additional subpoenas. (ECF No. 21). Kontron Modular filed a reply/opposition to Rockwell's opposition and cross-motion. (ECF No. 27). Trial commenced in the underlying action on October 9, 2012.[1] The jury found in favor of Rockwell as to liability and awarded Rockwell over ten million dollars in damages.

**Applicable Law**

Under Fed. R. Civ. P. 45(a)(1)(C), a nonparty to a civil suit, like Kontron Modular, Kontron America, and Thomas Sparrvik, can be subpoenaed for documents relevant to the suit. Under Fed. R. Civ. P. 26(b)(1), documents are discoverable if they are not privileged and "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." A court may quash an otherwise relevant subpoena for several enumerated reasons, such as: (1) if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," (2) if the subpoena "requires disclos[ure of] a trade secret or other confidential research, development, or commercial information," or (3) if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(B)(i). The burden is on the

---

[1] The Court takes judicial notice of the CM/ECF docket of the Wisconsin Federal District Court-Western District. *See* Fed. R. Evid. 201(b)(2).

party resisting discovery to demonstrate that discovery should not be permitted. Fed. R. Civ. P. 26(b).

**Analysis**

Based on the commencement of trial and jury findings in the underlying action, the Court concludes the subpoenas at issue here are no longer relevant to the determination of the underlying action. Although the Wisconsin District Court has not yet entered final judgment in the action and several post-trial motions are pending, the discovery sought by Rockwell's subpoenas here does not appear to be relevant to the Wisconsin Court's determination of the post-trial motions. Because the testimony sought is not relevant to the determination of the underlying action, subjecting non-party Mr. Sparrvik or any of the non-party Kontron entities to a deposition or document production would impose upon them an unnecessary, unfair, and undue burden.

Accordingly, Thomas Sparrvik's motion to quash is GRANTED and Rockwell's cross-motion to enforce the subpoena is DENIED as moot.

**IT IS SO ORDERED.**

DATED: January 7, 2013

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court